[Civil No. 1947. Filed June 16, 1921.]

[197 Pac. 537.]

STATE, at the Relation of W. J. GALBRAITH, Attorney General of the State of Arizona, and THOMAS H. RYNNING, as Superintendent of the State Prison of the State of Arizona, Petitioners, v. SUPERIOR COURT OF PINAL COUNTY OF THE STATE OF ARIZONA, O. J. BAUGHN, JOS. S. JENCKES, Judges, and J. D. BENNETT, Clerk of the Said Court, Respondents.

1. HABEAS CORPUS—CONCURRENT POWER OF SUPERIOR COURT DOES NOT AUTHORIZE ISSUANCE TO REVIEW JUDGMENT OF SUPREME COURT.— The concurrent power of the superior court to issue writs of *habeas corpus* does not authorize it to issue such writ to review a judgment of the Supreme Court, and proceedings in the superior court for that purpose are void for want of jurisdiction.

2. JUDGMENT—SUPREME COURT JUDGMENT IMPORTS ABSOLUTE VERITY.— A judgment of the Supreme Court imports absolute verity, and must be regarded as free from all error, and it is conclusive upon the superior courts and judges thereof.

3. CRIMINAL LAW—AFFIRMANCE OF JUDGMENT SETTLES ALL QUESTIONS THAT MIGHT HAVE BEEN RAISED BY ASSIGNMENTS OF ERROR.—The affirmance of a judgment of conviction finally settles not only all questions raised by assignments of error, but also all questions that might have been so raised.

4. CRIMINAL LAW—DELAY IN TRIAL HELD TO HAVE BEEN WAIVED.— The delay in commencing a trial for more than sixty days after the information was filed was waived where accused raised no question as to the delay at any time before or during the trial and took no steps toward asserting his rights to an earlier trial.

5. HABEAS CORPUS—ORDER DENYING HABEAS CORPUS ENTERED WITHOUT JURISDICTION DOES NOT SUPPORT APPEAL.—Where the superior court was without jurisdiction to grant a writ of *habeas corpus* because it was sought to review a decision of the Supreme Court, an order denying the writ was *coram non judice* and does not support an attempted appeal therefrom.

6. HABEAS CORPUS—PETITION MUST SHOW ON ITS FACE THAT PETITIONER IS ENTITLED TO DISCHARGE.—Though the writ of *habeas*

*corpus* is one of incalculable value, it should not be abused and should never be issued unless the petition therefor shows upon its face that the petitioner is entitled to be discharged.

Original proceedings on Certiorari. Record quashed.

Mr. W. J. Galbraith, Attorney General of Arizona, and Mr. George R. Hill, Assistant Attorney General, for Petitioners.

Mr. S. H. Abbey, and Mr. Benton Dick, for Respondents.

BAKER, J.—Nichan Martin was convicted of murder in the first degree in the superior court of Yavapai county before a jury, on March 29, 1920, the jury fixing the penalty at death. The court sentenced him to death on April 13, 1920. The day for the execution of the death sentence was fixed as Friday, June 25, 1920. Thereafter he appealed from the judgment of conviction to this court. On April 4, 1921, the judgment of conviction was affirmed by this court, and he filed a petition for rehearing, which was denied on May 4, 1921. The time at which he was to be executed as fixed in the original death warrant having expired, this court, on the fourth day of April, 1921, by its judgment, as required by section 1177 of the Penal Code of Arizona of 1913, fixed Friday, the tenth day of June, 1921, as the day upon which the original death warrant should be executed upon the said Nichan Martin. On June 9, 1921, a petition was filed in his behalf, in the superior court of Pinal county, for a writ of *habeas corpus,* asking that such writ issue and be directed to the superintendent of the state prison at Florence, Arizona, in whose custody the said Nichan Martin was at the time. This petition was addressed to the honorable judge of the superior court of said county of Pinal. It so hap-

pened that Honorable JOSEPH S. JENCKES, judge of the superior court of Maricopa county, was then presiding in said superior court of Pinal county as judge thereof. He made an order indorsed upon said petition directing the writ to issue and providing that it should be returnable before him on June 9th at 4 o'clock P. M. Thereupon, and in accordance with that order, a writ of *habeas corpus* issued and was served upon the superintendent of the state prison on June 9, 1921, and on the same day he made return to the effect:

"Nichan Martin was committed to my custody and is now detained by virtue of an order and judgment of the Supreme Court of the state of Arizona to me directed as superintendent of the state prison of the state of Arizona, at Florence, a copy of which is hereto annexed, marked Exhibit A, and made a part of this return, and the original of which I herewith hand you.

"Further that I have the person of the above named Nichan Martin in my custody at the present time and before this court as commanded."

A copy of the judgment of this court accompanied the return. At the hearing of the petition for the writ Honorable JOSEPH S. JENCKES denied the petition for the writ of *habeas corpus* and discharged the writ and remanded the petitioner to the custody of the superintendent of the state prison. Thereupon the said Nichan Martin gave notice of appeal to the Supreme Court of the state and filed a *supersedeas* bond on appeal in the sum of $500, which bond was approved by the said judge. Thereupon the said judge entered an order staying the execution of the sentence of death fixed for June 10, 1921, by the judgment of the Supreme Court pending the appeal to the Supreme Court and further prohibiting the superintendent of the state prison from

carrying into effect the death warrant upon Nichan
Martin during the pendency of said appeal.

On June 11, 1921, Mr. George R. Hill, Assistant
Attorney General of the state, at the relation of Mr.
W. J. Galbraith, the Attorney General of the state,
obtained leave to file a petition for writ of *certiorari,*
and the petition was filed on that day. It is averred
in the petition that the superior court of Pinal county
and Judge JOSEPH S. JENCKES were without
jurisdiction, power, or authority of the subject mat-
ter of the petition of a writ of *habeas corpus,* and
that all of the proceedings had thereunder were null
and void and without authority of law, and a writ
of *certiorari* requiring the court and judge to send
up the record was sought on that ground. The writ
of *certiorari* was issued on June 11, 1921, and was
served on the same day. On June 14th a return to
the writ of *certiorari* was made setting forth the
*habeas corpus* proceedings as above outlined, and
thereupon the matter proceeded to a hearing before
us. At the hearing Honorable W. J. Galbraith, At-
torney General, Mr. George R. Hill, Assistant
Attorney General, and Mr. W. E. Ryan, appeared in
behalf of the petitioners for the writ of *certiorari.*
Mr. S. H. Abbey and Mr. Benton Dick, appeared as
counsel for the respondents. After argument of
counsel the matter was submitted to us for consider-
ation and determination.

The only question involved is whether or not the
superior court or any judge thereof had jurisdiction
to order the issuance of this particular writ of *habeas
corpus.* The matter is of grave importance; for it
involves the orderly administration of justice through
the protection and preservation from hindrance, in-
terference, or embarrassment of jurisdiction already
invoked and presently existent. The question is:
Could Judge J. S. JENCKES legally entertain the

petition for *habeas corpus* and thereby review the judgment of this court. We answer the inquiry emphatically in the negative. He possessed no such power. The attempt to do so was wholly unjustifiable, beyond the jurisdiction and power of the judge, and without support in law, reason, or logic. Especially is this true of the order staying the operation and effect of the judgment of this court. It is obvious that any other view would tend to bring about a deadly conflict between the jurisdiction and power of this court and the jurisdiction and power of the superior court or the judge thereof, and would necessarily result in hampering and impeding the administration of the law and bring the law into disrepute and disfavor and deprive it of the respect and reverence of the people of the state. This must not be. It cannot be. The fact that the superior courts and the judges thereof have concurrent jurisdiction with this court in *habeas corpus* proceedings does not authorize either of those courts or either of such judges to issue writs of *habeas corpus* for the purpose of reviewing the judgments of this court. In *People* v. *Superior Court*, 234 Ill. 186, 14 Ann. Cas. 753, 84 N. E. 875, the Supreme Court of Illinois, in dealing with a like question, there said:

"When this court [Supreme Court] in the exercise of its appellate jurisdiction, has determined a question, either of law or of fact, the matter is ended so far as the circuit and superior courts and the judges thereof are concerned, and they may not, by reason of the fact that their jurisdiction in *habeas corpus* is concurrent with that of this court, overrule or review such decision of this court dealing with questions either of law or of fact."

The court further said:

"The affirmance of a judgment of conviction by this court must, according to the law, be regarded by the judges of the circuit and superior courts as a

final determination by this court, that there is in the record reviewed no error, and that the judgment is valid for aught that appears upon the record. Interference by *nisi prius* judges, exercising jurisdiction in *habeas corpus,* with the execution of such a judgment for any reason appearing upon the record of the case presented to the Supreme Court, constitutes a wrongful infringement of the appellate jurisdiction of that court and tends to bring the courts of the state into disrepute.''

*In re Johnson,* 167 U. S. 120, 42 L. Ed. 103, 17 Sup. Ct. Rep. 735, on petition for *habeas corpus* after conviction and sentence of death by the district court of the United States, the court said:

''We know of no reason why the rule, so frequently applied in cases of conflicting jurisdiction between federal and state courts, should not determine this question. Ever since the case of *Ableman* v. *Booth,* 21 How. 506 [16 L. Ed. 169], it has been the settled doctrine of this court that a court having possession of a person or property cannot be deprived of the right to deal with such person or property until its jurisdiction is exhausted, and that no other court has the right to interfere with such custody or possession.''

The Supreme Court of Alabama disposed of the question in the following language:

''So the presiding judge said upon the apt authority of *Ex parte State ex rel.,* 150 Ala. 489, 124 Am. St. Rep. 79, 10 L. R. A. (N. S.) 1129, 43 South. 490: 'Clearly, under such circumstances, the respondent could not legally entertain the petition for *habeas corpus,* and thereby deprive this court . . . of the right to enforce its judgments.'

''To sanction any other rule would, to quote the authority last mentioned, 'produce a conflict of jurisdiction over the right to the custody of the person of the condemned prisoner, and lead to inextricable confusion, resulting in a defeat of the due administration of the law.' '' *Ex parte Gunter,* 193 Ala. 486, 69 South. 442.

A judgment of this court imports absolute verity. It must be regarded as free from all error. It is final and conclusive upon the superior courts and the judges thereof, and they may not question such judgment, neither are they permitted to hamper or impede the due and timely execution of such judgment.

The petition for the writ of *habeas corpus* showed upon its face that all of the proceedings leading up to the conviction of Nichan Martin and the affirmance of the judgment of conviction by this court and the denial of the petition for rehearing were regular, formal, and completely within the jurisdiction of the court. It appears from the petition that the theory upon which relief was sought was that the judgment of conviction was void for the reason that the petitioner was not tried until the twenty-fifth day of March, 1920, although he was informed against for the crime of murder on the tenth day of December, 1919, pleaded not guilty on the eleventh day of December, 1919, and then demanded an immediate trial. The question was not raised on the appeal in this court, neither was it mentioned in the petition for rehearing. It might have been raised. The rule is, when a judgment is affirmed by this court, all questions raised by the assignments of error and all questions that might have been so raised are to be regarded as finally adjudicated against the appellant. Nevertheless it may be said that, in examining the record and considering the case on appeal, this court observed the fact that Nichan Martin was not tried until the twenty-fifth day of March, 1920, but considered the matter immaterial, the record showing that he raised no question as to the delay at any time before or during the trial, and took no steps towards asserting his rights to an earlier trial. He waived the informality, if any existed.

The order of Judge JENCKES denying the writ does not support the attempted appeal, because it was and is *coram non judice.* The *habeas corpus* proceedings being void *ab initio,* the entire structure falls to the ground.

We make way for no other court in the land in our estimation and appreciation of the incalculable value and benefits of the writ of *habeas corpus*—the greatest writ known to our laws. But we will not sanction the abuse of the writ. It should never be issued unless the petition therefor shows upon its face that the petitioner is entitled to be discharged. In *habeas corpus* proceedings before Judge JENCKES the petition affirmatively showed upon its face that the petitioner was not entitled to his discharge.

It is true the erroneous *habeas corpus* proceedings have had the wicked effect temporarily to defeat justice, but this court is vested by law with the unrestricted power to rectify the wrong, and we do not hesitate to exercise that power.

The record of the proceedings before Judge J. S. JENCKES and the record of the superior court of Pinal county in the *habeas corpus* case will be, and the same are hereby, quashed.

The proper officer, when so ordered, will take the said Nichan Martin before the superior court of the county of Yavapai, there to be dealt with by the judge of said court as provided by section 9, Initiative Measure, filed in the office of the Secretary of State, July 3, 1918, and approved by a majority of the votes cast thereon at the general election held on the fifth day of November, 1918, Session Laws of Arizona, 1919.

ROSS, C. J., concurs.

McALISTER, J. (Concurring Specially.)—I concur in the order quashing the record of the *habeas corpus* proceeding because there can be no question but that the issuing of the writ was without jurisdiction, for a superior judge or court has no power to review a judgment of the Supreme Court, and, as pointed out in the opinion prepared by Judge BAKER, the only error relied on to justify setting aside the judgment of conviction is a mere irregularity in the trial, to wit, that the petitioner was not brought to trial within sixty days from the date of the filing of the information. This was clearly waived, for no effort was afterwards made in either the superior or Supreme Court to take advantage of it, and besides, as stated in the opinion, it was in the record upon the review of which by this court the judgment of conviction was affirmed.

In granting the writ, Judge JENCKES evidently followed the practice so common among trial court judges of issuing writs of *habeas corpus* as a matter of course upon the presentation of the petition without considering seriously its allegations, but with the purpose of going into the matter thoroughly on the hearing. The fact that there is an appeal from the order discharging, or refusing to discharge, on the hearing, and that there is no appeal from a refusal to grant the writ originally, is frequently overlooked. If the petitioner were under sentence of imprisonment, the execution of the judgment would not be interfered with by an appeal from the order refusing to discharge, but in a case where the granting of the writ would be fraught with serious consequences, provided the court had jurisdiction, the judge to whom the petition is presented should compel counsel to present any authority he has before issuing the writ if necessary to satisfy himself of the

sufficiency of the petition. Upon a little fuller consideration of the petition, I am sure the good judgment of the judge to whom it was presented would have led him to deny the writ in the first instance and have precluded any possibility of an appeal.