385 P.2d 707

**STATE of Arizona ex rel. Charles N. RO- NAN, County Attorney of Mari- copa County, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Ari- zona, IN AND FOR the COUNTY OF MARICOPA and Honorable Warren L. Mc- Carthy and Honorable George M. Sterling, Judges of the Superior Court of the State of Arizona, and Gary Daymus, real party in interest, Respondents.**

No. 8077.

Supreme Court of Arizona.

En Banc.

Oct. 16, 1963.

Charles N. Ronan, County Atty., Grant Laney, Chief Criminal Deputy County Atty., for petitioner.

Murray Miller and Lawrence C. Cantor, Phoenix, for respondents.

BERNSTEIN, Chief Justice.

This is a petition for a writ of certiorari to review an action of the Superior Court of Maricopa County. Although this Court has granted the relief requested in a certiorari proceeding, State ex rel. Galbraith v. Superior Court, 22 Ariz. 452, 197 P. 537, we are of the opinion the relief requested is more properly granted by a writ of prohibition, Emery v. Superior Court, 89 Ariz. 246, 360 P.2d 1025, and we will consider this petition as if it had requested the issuance of the latter writ.

The posture of the case is as follows: Gary Daymus was convicted and sentenced on a bad check charge. The conviction was affirmed by this Court in State v. Daymus, 90 Ariz. 294, 367 P.2d 647. Daymus subsequently made a motion for a new trial on the ground of newly discovered evidence. The motion was denied and this Court affirmed in State v. Daymus, 93 Ariz. 332, 380 P.2d 996. Daymus then petitioned the superior court for a writ of habeas corpus alleging that his sentence constituted cruel and unusual punishment, that he was convicted on evidence of a prior felony conviction and "there is grave concern as to whether or not it was a felony conviction," and there was a denial of due process because evidence of other "bad acts" was introduced at the trial. A hearing on the writ was scheduled for July 26, 1963, and was continued to September 23, 1963. The purpose of the hearing was to take testimony as to the allegations in the petition for a writ of habeas corpus.

Respondent Daymus contends that the superior court has statutory authority to issue writs of habeas corpus and that as an appeal may be taken from the granting of the writ prohibition will not lie. The only question is whether the superior court had jurisdiction to issue the writ of habeas corpus.

The errors alleged in the writ are based on the proceedings at the trial and the nature of the sentence. Both the trial proceedings and the sentence have been before this Court and were found to be without prejudicial error. We think our decision in State ex rel. Galbraith v. Superior Court, supra, is controlling. In that case we said:

"The question is: Could [the trial judge] legally entertain the petition for habeas corpus and thereby review the judgment of this court. We answer the inquiry emphatically in the negative. He possessed no such power. The attempt to do so was wholly unjustifiable, beyond the jurisdiction and power of the judge, and without support in law, reason, or logic. Especially is this true of the order staying the operation and effect of the judgment of this court. It is obvious that any other view would tend to bring about a deadly conflict between the jurisdiction and power of this court and the jurisdiction and power of the superior court or the judge thereof, and would necessarily result in hampering and impeding the administration of the law and bring the law into disrepute and disfavor and deprive it of the respect and reverence of the people of the state. This must not be. It cannot be. The fact that the superior courts and judges thereof have concurrent jurisdiction with this court in habeas corpus proceedings does not authorize either of those courts or

either of such judges to issue writs of habeas corpus for the purpose of reviewing the judgments of this court." 22 Ariz. at 455–456, 197 P. at 538.

Writ of prohibition heretofore issued made permanent.

UDALL, V. C. J., and STRUCKMEYER, JENNINGS, and LOCKWOOD, JJ., concurring.