415 P.2d 899

**In the Matter of the Application of Nathaniel Franklin For a Writ of Habeas Corpus.**

**Nathaniel FRANKLIN, Petitioner,**

**v.**

**Frank A. EYMAN, as Warden of Arizona State Prison, et al., Respondents.**

**No. 2 CA–HC 37.**

Court of Appeals of Arizona.

June 27, 1966.

Rehearing Denied Aug. 8, 1966.

Nathaniel Franklin, in pro. per.

Darrell F. Smith, Atty. Gen., for respondents.

KRUCKER, Chief Judge.

Nathaniel Franklin, in propria persona, has petitioned this Court for a writ of habeas corpus, attacking the legality of his incarceration at the Arizona State Prison. He is currently serving a sentence of not less than four nor more than five years, as a result of his plea of guilty to the charge of receiving stolen property. This matter has previously been before us on other grounds. The petitioner appealed from the denial of his motion to withdraw his plea of guilty and allow a plea of not guilty and we affirmed the action of the trial court. State v. Franklin, 2 Ariz.App. 414, 409 P.2d 573 (1966). The facts are fully discussed in that opinion and we will not repeat them here since the allegations of illegal detention are procedural in nature involving issues of law.

■ The petitioner, generally, attacks the sufficiency of the information charging him with the commission of a public offense and the jurisdiction of the Superior Court of Pinal County. In accordance with the mandate of our Supreme Court in Paxton v. Walters, 72 Ariz. 120, 231 P.2d 458 (1951), we are required to review the validity of the petitioner's allegations. In

that case the Supreme Court held that where an information failed to state a public offense, a prisoner convicted under such an information on his plea of guilty is entitled to relief by habeas corpus. In State v. Smith, 66 Ariz. 376, 379, 189 P.2d 205, 207 (1948), the Arizona Supreme Court stated:

> "We must conclude that it is the settled law of this state that in a criminal case the court acquires no jurisdiction of the subject matter of an alleged offense unless the jurisdictional facts constituting the offense are set forth in the information, and that where the court is without jurisdiction of the subject matter a judgment of conviction will be reversed in this court even on plea of guilty, for jurisdiction cannot be conferred by consent."

■ The petitioner first attacks the jurisdiction of the Superior Court of Pinal County, alleging that the crime, if any occurred, took place in Maricopa County and not "within the boundaries of Pinal County". This allegation lacks merit since the record firmly discloses that the stolen articles were taken at the City Dump at Apache Junction in Pinal County; that the petitioner was present at the scene of the theft of the particular welding equipment in question; and that thereafter the items were transported to Phoenix and sold. By his own admission, the petitioner admitted his presence at Apache Junction when the items were stolen, that he noticed the equipment in the car as they were leaving Apache Junction, and that he knew at that time that the welding equipment was stolen. Franklin was charged with violation of A.R.S. § 13-621(A), receiving stolen property, which crime occurred in Pinal County. In accordance with A.R.S. § 13-1503, the authorities in Pinal County properly initiated criminal proceedings against him.

Regarding the petitioner's allegations charging insufficiency of the information,

the charging portion of the information reads as follows:

"In the name and by the authority of the State of Arizona Nathaniel Franklin alias Ivory T. Lewis is accused by the County Attorney of Pinal County, State of Arizona, by this Information, of the crime of Receiving Stolen Property, a felony (A.R.S. 13–621A) committed as follows: That the said Nathaniel Franklin alias Ivory T. Lewis, on or about the 15th day of March, 1965, and before the filing of this Information, at and in the County and State aforesaid, did then and there wilfully, unlawfully and feloniously receive and sell the following:

1, set gauges $56.00; 1 Smith comb. torch $70.00; 3 welding tips $14.00; 1 Acetylene Cutting Tip $5.10; 1 Butane Cutting Tip $5.10; 25 feet welding hose $25.00; Total Value—$175.20

then and there knowing the above listed property to be stolen."

■ The petitioner contends that the information is defective in that "the allegation of specific intent is missing". This contention is not without some merit since the intent to receive the stolen goods for personal gain or to deprive the owner of possession is an element of the crime of receiving stolen property under A.R.S. § 13–621(A). The Arizona Supreme Court stated in State v. Kuhnley, 74 Ariz. 10, 15, 242 P.2d 843, 846 (1952):

"Unquestionably the gist of the offense is receiving the stolen goods with a guilty knowledge, coupled with the intent of depriving the owner of possession or obtaining it for one's own gain."

That this petitioner received the stolen goods, with guilty knowledge of the fact that the equipment was stolen, is fully charged in the information; that they were received with the intent of depriving the owner of possession and for the accused's personal gain is equally clear by the fact that he is charged with "wilfully, unlawfully and feloniously receiving" and selling the equipment. As noted in 45 Am.

Jur., Receiving Stolen Property § 14 (1943), page 396, "(a)n averment that the defendant received the property 'unlawfully and feloniously' is sufficient as an allegation that he did so with criminal intent". Although we do not condone this laxity in the drawing of the information, we hold that it does not constitute a fatal defect in the information. See State v. Kuhnley, supra, and 45 Am.Jur., Receiving Stolen Property § 14 (1943).

■ The petitioner also contends that the information is fatally defective in that some of the items listed are valued at less than $50.00 and since "the information does not impart the allegation that all the items named were received and sold at the same time", both a misdemeanor and felony are set forth, while the information only charges a felony. This contention is without merit. The information charged the petitioner in one count of knowingly, wilfully and feloniously receiving the named stolen property on or about March 15, 1965. The natural and plain import of this language is to charge the commission of one crime arising out of the same transaction from which all the property named, totaling $175.20 in value, was received. Although the petitioner cites State v. Kuhnley, supra, in support of this allegation of error, that case is not in point. In the Kuhnley case, the defendant was charged with receiving certain stolen articles on a particular day. During the trial, however, the evidence tended to show receipt of the stolen articles over a period of time. The defense counsel repeatedly objected to the variance between the allegata and probata but the county attorney made no effort to amend the information to conform to the proof. This situation does not exist in the case before us and we find no merit in the assignment.

■ The petitioner next claims that the information is fatally defective in that it does not specifically or sufficiently identify the stolen property to state an offense. He cites State v. Stewart, 3 Ariz.

504

App. 178, 412 P.2d 860, 862 (1966), which case cites State v. Kuhnley, supra, at 74 Ariz. 15, 242 P.2d 846–847, for the proposition that in the prosecution for the offense of receiving stolen property:

> " 'the property must be described with certainty and accuracy and with sufficient particularity to enable the court to determine that such property is the subject of larceny, to advise the accused with reasonable certainty of the property meant and enable him to make the needful preparations to meet such charge at the trial, to enable the jury to determine whether the stolen property proved to have been received was the same as that upon which the indictment was founded, and to enable the defendant to plead the verdict in bar of a subsequent prosecution for unlawfully receiving the same articles or goods.' "

We are in full accord with this pronouncement but do not believe that the information with which we are here concerned is fatally defective, since the stolen items are described with sufficient particularity to meet these standards. In the Stewart and Kuhnley cases the informations merely provided that the stolen property was "of a value in excess of $100.00." In this case, the description of the stolen property includes the types of welding cutting tips and the manufacturer's name and type of welding torch. We cannot determine whether the items had serial numbers which might have been included in the description nor are we able to determine how 25 feet of welding hose could be described with greater particularity. In view of these findings, we conclude that this description does not suffer from the same degree of indefiniteness as those considered in the Stewart and Kuhnley cases and hold that it is not fatally defective under the rule of those cases.

The petition for a writ of habeas corpus is accordingly denied.

HATHAWAY and MOLLOY, JJ., concur.