427 P.2d 551

**Nathaniel FRANKLIN, Appellant,**

**v.**

**The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellees.**

**No. 2 CA–CIV 362.**

Court of Appeals of Arizona.

May 16, 1967.

Certiorari Denied May 22, 1967.

See 87 S.Ct. 2036.

Rehearing Denied June 16, 1967.

Review Denied Sept. 21, 1967.

---

**418**

Nathaniel Franklin, in pro. per.

Darrell F. Smith, Atty. Gen., Phoenix, for appellees.

PER CURIAM.

This appeal is taken from an order of Pinal county superior court denying appellant's petition for a writ of habeas corpus.

■ The appellant filed his opening brief in this court on February 7, 1967. Subsequently, on April 25, 1967, he filed a "Motion to Submit Appeal for Decision" for the reason that no answering brief had been filed. He quite correctly pointed out that our records indicated no request for an extension of time for the filing of appellee's brief and that this court had entered no order granting an extension. We are of the

opinion that appellant's motion is well taken and therefore grant it.

The tenor of appellant's request for habeas corpus relief in the lower court was to the effect that his conviction was based on inadmissible evidence: (1) certain physical evidence which was the alleged product of an illegal search and seizure and (2) allegedly involuntary incriminating statements made by him.

On appeal, the appellant has abandoned his illegal search and seizure argument and contends only that the jury verdict was constitutionally infirm as it was supported by statements of an "involuntary" nature. We need not consider the effect of abandonment of the one theory urged below, because in no event was appellant entitled to relief.

The conviction challenged by collateral attack below was affirmed by the Supreme Court of this state on July 7, 1966. See State v. Franklin, 101 Ariz. 89, 416 P.2d 413. The court examined the entire record and found no reversible error in the trial proceedings. Apparently appellant was unhappy with the fact that counsel appointed to represent him on appeal found no error to urge upon the reviewing court as a predicate to reversal. Having exhausted the "appeal" route, he has decided to run the gamut of habeas corpus proceedings.[1] This he cannot do.

■■ When, as here, the errors asserted in the petition for a writ of habeas corpus are based on the trial proceedings, and the highest court of this state has found no error in the proceedings, a trial court is without jurisdiction to entertain such petition. State ex rel. Ronan v. Superior Court, 94 Ariz. 414, 385 P.2d 707 (1963). As stated in State ex rel. Galbraith v. Superior Court, 22 Ariz. 452, 197 P. 537 (1921):

"The fact that the superior courts and judges thereof have concurrent jurisdic-

---

1. As to another 1965 conviction upon a plea of guilty to receiving stolen property, appellant first sought review by appeal from a denial of his motion to withdraw his plea of guilty, State v. Franklin,

2 Ariz.App. 414, 409 P.2d 573 (1966) and then collaterally attacked his conviction in original habeas corpus proceedings. Franklin v. Eyman, 3 Ariz.App. 501, 415 P.2d 899 (1966).

tion with this court in habeas corpus proceedings does not authorize either of those courts or either of such judges to issue writs of habeas corpus for the purpose of reviewing the judgments of this court."

22 Ariz. at 456, 197 P. at 538.

Order affirmed.