450 P.2d 128

The STATE of Arizona, Appellee,

v.

Tony BUTLER, Appellant.

No. I CA–CR 163.

Court of Appeals of Arizona.

Feb. 6, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Anne Kappes, Deputy Public Defender, for appellant.

CAMERON, Judge.

This is an appeal from a finding and judgment of guilt by the court sitting without a jury to the crime of receiving stolen property (A.R.S. § 13–621) with a prior conviction. Defendant was sentenced to a term of not less than three years nor more than five years in the Arizona State Prison.

We feel that the following three questions must be answered in the determination of this matter:

1. Was the correction on the information of the serial number of the item stolen (a television set), from 3402–499 to 3402–449 a proper "amendment" under Rule 145, Rules of Criminal Procedure, 17 A.R.S.

2. Whether the evidence supports the finding of guilty of receiving stolen property in violation of A.R.S. § 13–621.

3. Was it error for the trial court to sustain the State's objection to the question propounded by defendant's counsel which went to the motive of the witness's testimony.

The facts viewed most favorably to upholding the decision of the trial court, State v. Zaragosa, 6 Ariz.App. 80, 430 P.2d 426 (1967), indicate that a color television was taken from the home of Mr. and Mrs. J. P. Argabright on or about 29 August 1967 while they were on vacation. On 12 September 1967 officers of the Phoenix Police Department, pursuant to a search warrant, seized the television from the home of Louis Morales. Morales testified that on "the late days of August" 1967 the defendant and Felix Garcia met with him at his place of employment to discuss the sale of a color television. Later the same day Garcia called Morales and the terms of the sale were set. Morales further testified that on the evening of 1 September defendant and Garcia met him at his home where the television was then delivered and $65 was given to the defendant.

The television, a 21-inch color Zenith, had been purchased by the Argabrights on 11 November 1966 for $519. Mr. Morales testified on direct examination:

"Q Now, did—was Mr. Butler asking a certain price for this television?

"A Yes.

"Q What was that price?

"A $65.

"Q Did Mr. Butler at any time represent to you where the television set came from?

"A He said he had to get it from one of his sisters' house or something.

"Q Would you repeat that?

"A He had to get it from one of his sisters' house, or something like that.

"Q Did he at any time ever indicate to you who the owner of the set was?

**164**

"A  Well, him.

"Q  He was the owner?

"A  Yes."

## AMENDMENT OF THE INFORMATION

The complaint charged the defendant Count I, grant theft (§§ 13–661 and 13–663 A.R.S.) and Count II, receiving stolen property (§ 13–621 A.R.S.).

The complaint described the item stolen in Count I as "a Zenith 21-inch Color Television Serial No. 3402–*449*." In Count II the property is described as "a Zenith 21-inch Color Television set Serial No. 3402–*499*." Thus, in the complaint the set was described with two different serial numbers.

Preliminary hearing was held and defendant was held to answer as to Count II only. At the preliminary hearing the television was identified by the owner as follows:

"Q  Is there any other way you can identify your set other than the markings, Mr. Argabright?

"A · Well, I have a serial number.

"Q  Do you know that serial number at this time?

"A  I do.

"Q  Could you tell the Court what that serial number is?

"A  3402449.

"Q  Would you say that again, please?

"A  3402449.

"Q  Do you find that serial number on that set?

"A  Well, I haven't had any occasion to.

"Q  Look on the back there. You do find the serial number on that set; is that correct?

"A  I do."

The information filed in the Maricopa County Superior Court on receiving stolen property described as follows: "A Zenith 21-inch Color Television, Serial No. 3402–*499*."

The defendant attempted to represent himself although counsel was appointed to assist him. On the day of the trial the following transpired:

"MR. McVAY: There is still a motion before the Court to amend the Information.

"THE COURT: I would grant that, because of the reference to the serial number in the complaint, as well as in the transcript.

"MR. McVAY: That is 3402–*449*.

"THE DEFENDANT: Your Honor, on this here where he is saying—isn't he asking to have the numbers changed, that the numbers have been changed?

"THE COURT: It dosen't mean the numbers have been changed on the TV. He wants to amend the Information so it will conform with the Information and the transcript of the preliminary hearing.

"THE DEFENDANT: Well, is that legal? Now, first of all, when they took me to the preliminary hearing, they tried to say that this is the number. They even had the witness say that he called to the place that he bought the TV from and that they—

"THE COURT: In the preliminary hearing, the criminal complaint showed the serial number to be 3402–449. Now, that is in Count II.

Have you got two TV sets?

"MR. McVay: No. It was charged in the alternative of grand theft and receiving. But the record of the transcript of the preliminary hearing indicates only one number, beint (sic) 3402–449.

The record also indicates there is only one television set involved.

"THE COURT: A 21 inch Zenith?

"MR. McVAY: A 21 inch Zenith colored TV with that serial number."

The court granted the motion ad the serial number on the information was changed From 3402–*499* to 3402–*449*. At the trial

Mr. Argabright again identified the television as the one stolen from him.

Defendant on appeal contends that an amendment to an information is proper only when it does not change the nature of the offense or crime charged. The State contends that Rule 145 of the Rules of Criminal Procedure, 17 A.R.S., allows an amendment of this kind. The rule reads in part as follows:

"Rule 145. Defects or variances; amendment

"A. No indictment or information that charges an offense in accordance with the provisions of Rule 115 shall be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling or improper English, or because of the use of sign, symbol, figure or abbreviation, or because of any similar defect, imperfection or omission. The court may at any time cause the indictment, information or bill of particulars to be amended in respect to any such defect, imperfection or omission.

"B. No variance between the allegations of an indictment, information or bill of particulars, which state the particulars of the offense charged, whether amended or not, and the evidence offered in support thereof shall be ground for the acquittal of the defendant. The court may at any time cause the indictment, information or bill of particulars to be amended in respect to any such variance to conform to the evidence."

■ The general rule is that while an amendment may be made to the information, the information itself may not be amended unless the defendant is rearranged on the amended information. State v. Rogers, 2 Ariz.App. 232, 407 P.2d 733 (1965); State v. Betts, 5 Ariz.App. 256, 425 P.2d 444 (1967). In other words, the nature of the offense may not be changed and amendments to the information are allowed only if the offense charged remains the same.

■ As to the sufficiency of the information in the crime of Receiving Stolen Property, A.R.S. § 13–621, the property must be described with sufficient particularity that not only is the defendant advised of the nature of the offense charged and the property alleged to have been taken and therefore be able to prepare a defense in reliance thereon, but also to allow a plea of double jeopardy in case the defendant is charged again. State v. Stewart, 3 Ariz.App. 178, 412 P.2d 860 (1966); State v. Bundy, 91 Ariz. 325, 372 P.2d 329, 99 A.L.R.2d 808 (1962).

■ In the instant case the property was defined with sufficient particularity except for the error in the serial number. Considering the evidence at the preliminary hearing and the trial we can find no evidence that the defendant was prejudiced by this amendment. He was fully apprised as to the crime charged and the television in question was identified in the preliminary hearing and the trial court.

With this record we believe the defendant could successfully enter a plea of double jeopardy to a second charge of receiving stolen property regardless of whether the number was 3402–449 or 3402–499.

It has been stated:

"In some cases the courts have held that the indictment's or information's description of the stolen property is sufficient notwithstanding that such description, by itself, is not precise enough to enable the defendant, after judgment, to plead former jeopardy on a second prosecution for the same offense, where if a second prosecution is instituted, double jeopardy may be established by reference to other parts of the record in the first trial, or by evidence showing that the defendant has been previously tried for the same offense." 99 A.L.R.2d 833.

Under the circumstances in this particular case wherein there is no doubt as to the identification of the item stolen both at the preliminary hearing and at

**166**

the trial, it would appear that pursuant to Supreme Court Rule 145(b) a motion to amend the information to conform to the evidence would have been permissible. While we do not necessarily approve of the procedure followed in the instant case, we are unable to find any prejudice to the defendant and therefore no error by the trial court in allowing the amendment to the information.

### SUFFICIENCY OF EVIDENCE

A.R.S. § 13–621, subsec. A provides:

"A. A person who, for his own gain, or to prevent the owner from again possessing the property, buys or receives personal property, knowing the property to have been stolen, is guilty of a misdemeanor, if the value of the property bought or received is less than fifty dollars, and is guilty of a felony if the value of the property bought or received is fifty dollars or more."

Cases interpreting this section have held that a prima facie case of receiving stolen property consists of three elements: (1) receiving stolen property, (2) with guilty knowledge, and (3) intent to deprive the owner of possession or obtaining it for one's own gain. State v. Tellez, 6 Ariz. App. 251, 431 P.2d 691 (1967); State v. Hull, 60 Ariz. 124, 132 P.2d 436 (1942); Franklin v. Eyman, 3 Ariz.App. 501, 415 P.2d 899 (1966).

The substance of the offense is the guilty knowledge by the receiver that the goods were stolen. Further, this knowledge must have existed at the time the goods were received. Reese v. State, 27 Ariz. 43, 229 P. 936 (1924).

In establishing guilty knowledge circumstantial evidence may be used as well as direct evidence, but the mere possession of stolen goods by a defendant does not in and of itself establish this element. Neither is possession accompanied by a sale at a disproportionately low price necessarily sufficient to sustain a finding of guilty knowledge. When, however, there is other evidence in addition to posses-

sion and sale at a disproportionately low price guilty knowledge may be found. It is highly significant that the defendant sold the stolen television no more than a day and a half after it was stolen. Morales testified that he purchased the television on "the late days of August" and that the defendant stated that he was the owner. The defendant testified that he saw Morales at his place of employment "about the first of September".

We believe the evidence sufficient from which the court as a trier of fact could find the defendant guilty.

### RESTRICTION OF CROSS-EXAMINATION

Defendant asked Morales on cross-examination the following question:

"Q Did the police tell you, Mr. Morales, that they wouldn't file these charges against you for receiving stolen property if you came down to testify in this case?"

The State objected on the grounds of hearsay which was sustained by the trial court.

It is proper to inquire as to the motive of an adverse witness in testifying and to show any matter which bears on the credibility of that witness. In State v. Reynolds, 104 Ariz. 149, 449 P.2d 614, decided 16 January 1969, an accomplice of the defendants had been called to testify. When cross-examined by the defendants as to his motive for testifying the trial court sustained the State's objection thereto. On appeal our Supreme Court reaffirmed their ruling in State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120 (1960) and held:

"Appellants were not given a proper opportunity to develop fully the possible motives for Wylie's adverse testimony. We hold that this was reversible error." State v. Reynolds, supra.

In the instant case the purchaser of the stolen property (Morales) paid a price substantially lower than its value. Morales was a likely subject of

a charge of receiving stolen goods himself. Further he was the sole witness connecting defendant with possession of the television. Thus, we believe the trial court committed reversible error by restricting defendant's cross-examination into the witness's motive for testifying. While it may not be error for the court, sitting without a jury, to receive inadmissible testimony, it being presumed that unlike a jury, the court will not be influenced by the improper testimony, State v. Fredrico, 104 Ariz. 157, 449 P.2d 936, filed 29 January 1969, the same rule does not apply when the court excludes proper testimony. In that case the error is equally prejudicial to the judge and jury alike.

In view of the foregoing, this matter is reversed and a new trial is ordered.

DONOFRIO, C. J., and STEVENS, J., concur.