548 P.2d 1191

**STATE of Arizona, Appellee,**

v.

**Glenn Steven JONAS, Appellant.**

**No. I CA–CR 1400.**

Court of Appeals of Arizona, Division 1, Department B.

May 4, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

OPINION

SCHROEDER, Judge.

This is an appeal from a conviction and sentence for embezzlement. The issue is whether the amendment of an indictment to substitute the name of the appellant's true employer was permissible under the

terms of Rule 13.5, Arizona Rules of Criminal Procedure, permitting amendments to correct technical errors. We hold that because the amendment did not in any way alter the basis of the charge or bring about the admission of any evidence not previously available to the appellant, but involved purely a substitution of name, the amendment was proper.

The appellant, Glenn Steven Jonas, was charged by indictment with 12 counts of embezzlement. He was convicted of one count, the other counts having been dismissed on directed verdict. He was sentenced to a term of 1 to 10 years.

The original indictment named "The Greyhound Corporation" as appellant's employer from whom the appellant made the alleged embezzlements. In the beginning stages for the trial, when it was apparent that the appellant's actual employer and victim of the embezzlements was a company known as the Burn Treatment Skin Bank, the court permitted the introduction of evidence relating to that corporation. It did so upon the prosecutor's avowal that he would show the actual connection between the Greyhound Corporation and the Burn Treatment Skin Bank.

As the trial continued, the State did not prove the precise relationship between the two corporations, and moved instead that the indictment be amended to strike "Greyhound Corporation" and to substitute in its place "Burn Treatment Skin Bank." The State's motion was granted over appellant's objection. Because the court wished to eliminate any possible double jeopardy problems, the amendment was granted upon the express agreement by the State that it would not use the evidence in this case as the basis for any further prosecutions. Appellant's motion for mistrial was denied.

■ Rule 13.5(b), Arizona Rules of Criminal Procedure, expressly provides that the charging document, whether indictment or information, "may be amended only to correct mistakes of fact or remedy formal or technical defects, unless the de-

fendant consents to the amendment." As the comment to the rule explains, it is intended to follow the principle laid down in *State v. Butler*, 9 Ariz.App. 162, 450 P.2d 128 (1969), that amendments to the charging document should be permitted when the nature of the offense charged remains the same. Absent the defendant's consent, an amendment altering the legal basis of the charge is impermissible.

■ In this case, the name substitution did not alter the basis of the charge, nor did it in fact result in any prejudice to appellant. The record reflects that the two corporations were affiliated, and appellant's own brief describes the Burn Treatment Skin Bank as a subsidiary of the Greyhound Corporation. The documentary evidence (in the form of forged invoices and checks to the appellant obtained on the basis of the invoices) all relate to the Burn Treatment Skin Bank and the defense knew he was employed by that entity. All such evidence was available to the appellant well before trial, and he cannot claim any surprise by virtue of the amendment. We see no material distinction between this case and *State v. Colson*, 17 Ariz.App. 598, 601, 499 P.2d 726, 729 (1972), which held that a charge could be amended to reflect accurately the entity from which property was embezzled.

The cases cited by appellant are not inconsistent with our holding. In *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), the Supreme Court held that the prosecution went beyond matters of form when it attempted to add an essential element of the charge to the indictment. *United States v. Curtis*, 506 F. 2d 985 (10th Cir. 1974), held that an indictment which in essence set forth only the statutory language of the crime being charged was insufficient.

Appellant has also called our attention to language in *United States v. Radowitz*, 507 F.2d 109 (3d Cir. 1974), pointing out the potential problems, particularly with respect to double jeopardy, which might arise from oral amendments to indictments with-

out written motions or orders by the court. In this case, there was a written motion to amend, and the trial court avoided any problems by reducing the amendment to writing and carefully delineating the terms under which the amendment was granted.

The judgment and sentence are affirmed.

JACOBSON, P. J., and WREN, J., concurring.