610 P.2d 55
**STATE of Arizona, Appellee.**

v.

**Rudolph Mason BRUCE, Appellant.**

**No. 4899.**

Supreme Court of Arizona,
In Banc.

April 2, 1980.
Rehearing Denied May 6, 1980.

---

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Dennis C. Freeman, Asst. Attys. Gen., Phoenix, for appellee.

Martin & Feldhacker by Gregory H. Martin, Phoenix, for appellant.

GORDON, Justice:

Defendant Rudolph Mason Bruce appeals his convictions and sentences for six counts of knowingly receiving earnings of a prostitute, a class five felony. Having jurisdiction pursuant to 17A A.R.S., Rules of Supreme Court, Rule 47(e)(5), we affirm.

Trial before a jury culminated in verdicts of guilty on all six counts. Defendant was sentenced to the Arizona State Prison for a period of two years on each count, each of the sentences to be served concurrently. His timely appeal raises two issues for our disposition:

(1) Did the trial court err by permitting the prosecution to amend the indictment

during trial, in violation of 17 A.R.S., Rules of Criminal Procedure, Rules 13.5 and 16.1?

(2) Did the trial court commit prejudicial error by denying defendant's motion for a mistrial based on the prosecutor's use of the word "pimp" in referring to the defendant?

## AMENDMENT OF THE INDICTMENT

During the course of the trial, and over defense objection, the court granted two motions made by the state to amend the indictment. The first amendment changed the date alleged in count one from "on or about the 4th day of December, 1978" to "on or about the 3rd day of December, 1978." The second amendment changed count four from "on or about the 9th day of December, 1978," to "on or about the 10th day of December, 1978."

Defendant argues that allowance of these amendments is in violation of 17 A.R.S., Rules of Criminal Procedure, Rules 13.5(c) and 16.1(b) and (c),[1] which together mandate that issues concerning defects in charging documents be raised no later than twenty days prior to trial. The state correctly asserts that although subsections (a) and (c) of Rule 13.5 explicitly require compliance with Rule 16, Rule 13.5(b), however, does not mandate such compliance, but provides in pertinent part:

"The charge may be amended only to correct mistakes of fact or remedy formal or technical defects, unless the defendant consents to the amendment. The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding."

The Comment to Rule 13.5(b) includes the following statement:

"The charging document is automatically amended to conform to the evidence adduced in the course of the proceedings; no motion or formal action is required."

Rule 13.5(b) and its Comment, thus, make it clear that a technical or formal defect in a charging document may be remedied whenever such defect is presented. *See, e. g., State v. Sustaita*, 119 Ariz. 583, 583 P.2d 239 (1978); *State v. Jonas*, 26 Ariz.App. 379, 548 P.2d 1191 (1976).

A defect may be considered formal or technical when its amendment does not operate to change the nature of the offense charged or to prejudice the defendant in any way. *See State v. Jonas, supra; cf. State v. Sustaita, supra; State v. Williams*, 108 Ariz. 382, 499 P.2d 97 (1972); *State v. Butler*, 9 Ariz.App. 162, 450 P.2d 128 (1969). Defendant contends that his ability to prepare his case for trial was impaired by one of the amendments, because his lack of prior knowledge of the date change prevented him from using certain conflicts that arose in trial testimony. Examination of the record reveals, however, that defense counsel had notice of the discrepancies in the dates well before trial. We, therefore, reject this allegation of prejudice. *Cf. State v. Barnett*, 112 Ariz. 210, 540 P.2d 682 (1975); *State v. Ramirez*, 115 Ariz. 70, 563 P.2d 325 (App.1977); *State v. Jonas, supra.*

Defendant also argues that he was prejudiced by the amendments, because an acquittal as to the amended charges would not be a defense to the original charges. *See State v. Suarez*, 106 Ariz. 62, 470 P.2d 675 (1970); *State v. Williams, supra.* This presupposes that proof of double jeopardy is

1. Rule 13.5(c) provides:

"c. Defects in Charging Document. No issue concerning a defect in the charging document shall be raised other than by a motion filed *in accordance with Rule 16.*"

Rule 16.1(b) and (c) provide:

"b. Making of Motions Before Trial. All motions shall be made no later than 20 days prior to the date set for trial. Lack of jurisdiction may be raised at any time.

"An omnibus hearing will be held only if affirmatively requested in writing by either or both parties within 30 days of the date of ar-

raignment in the Superior Court. The omnibus hearing shall be set at the earliest convenient date following the filing of the request but no later than 20 days prior to the trial date.

"c. Effect of Failure to Make Motions in Timely Manner. Any motion, defense, objection, or request not timely raised under Rule 16.1(b) shall be precluded, unless the basis therefor was not then known, and by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it."

confined to the four corners of the charging document. Such is not the case. *See State v. Lombardo,* 104 Ariz. 598, 457 P.2d 275 (1969); *State v. Mallory,* 19 Ariz.App. 15, 504 P.2d 556 (1973); *State v. Butler, supra.* We believe that the record taken as a whole would substantiate a double jeopardy bar if the state should subsequently seek prosecution based upon the same acts. The trial court, therefore, correctly granted the state's motions to amend the indictment.

## PROSECUTORIAL MISCONDUCT

The second allegation of error is based upon the prosecutor's use of the word "pimp" in relation to the defendant. Defendant first challenges as improper the following questioning of the prostitute involved in the charges, conducted by the prosecutor during redirect examination:

"Q. And when you were down at the jail did you talk to Detective Chambers?

"A. Yes.

"Q. And did somebody talk about a pimp or Rudy?

"A. You mean like somebody down at the jail?

"A. Well, my question is rather poor.

"Did you and Detective Chambers talk about you working for a pimp?

"A. Yes.

"Q. Okay. Who brought up the subject first of about wanting to talk about the pimp?

"A. I did.

"Q. What did you say?

"A. I don't really remember.

"Q. But you do remember you brought up the subject first?

"A. That's right.

"Q. Why did you want to talk to the officers who just arrested you and you were in jail about the pimp you had?

\*     \*     \*     \*     \*     \*

"Q. And they thought they could help you get out of the situation with the pimp?

"A. Right.

"Q. Did Detective Chambers when you started talking about your relationship with Rudy or before that make you any promises?

"A. Would you repeat that again, please?

"Q. You say you brought up the subject of the pimp first.

"A. Uh-huh."

The court denied the motion for mistrial made by defense counsel immediately after the above colloquy took place. Defendant argues that this denial was prejudicial error, because the references to himself as a "pimp" were expressions of the prosecutor's personal opinion of his guilt and were "calculated to inflame passion and prejudice."

■ We disagree. We do not consider the above-quoted usage of the term "pimp" either inflammatory or expressive of the prosecutor's personal opinion of defendant's guilt. Defense counsel had previously referred to the witness' prior relationships with other "protectors." He had also insinuated, on cross-examination, that the witness trumped up the charges against the defendant at the behest of the police. The prosecutor's use of the word "pimp" was a description of the relationship claimed by the state to exist between the witness and defendant, used during the course of the prosecutor's redirect examination when he was attempting to refute defense counsel's insinuation. Such a characterization of the relationship, which is amply supported by the evidence, is not improper.

Defendant also challenges as improper the following two references to defendant made by the prosecutor during her rebuttal closing argument:

"Why would an officer like Deputy Chambers who had spent ten and a half years on the police force risk his career for a two-bit pimp?

\*     \*     \*     \*     \*     \*

"He had something to hide, that he was Kimberly Ann Harris' pimp, and so he is going to use false names because he doesn't want to be tied back to Kimberly."

Both references were made in response to defendant's closing argument. The first reference was a rebuttal of defense counsel's insinuation that the police had induced the prostitute to falsely testify against defendant. The second reference was a rebuttal of defense counsel's explanation for defendant's use of an alias when he had contacts with the prostitute, the explanation being that everyone who has contact with a prostitute uses an alias.

We view these references as reasonable deductions from the evidence adduced at trial, *see, e. g., State v.Propp*, 104 Ariz. 466, 455 P.2d 263 (1969), and within the wide latitude afforded attorneys in argument to the jury. *See, e. g., State v. Sustaita, supra; State v. Trotter*, 110 Ariz. 61, 514 P.2d 1249 (1973).

Finding no error, we affirm the judgments and sentences of the Superior Court.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.