717 P.2d 900

**Lee A. SANFORD, Petitioner,**

v.

**The PHOENIX MUNICIPAL COURT; the Superior Court of Maricopa County; Phoenix City Prosecutor, real party in interest; State of Arizona, Respondents.**

No. CV 86–0082–SA.

Supreme Court of Arizona, In Banc.

April 28, 1986.

Baskerville Law Offices by C. Cal Baskerville, Tempe, for petitioner.

Roderick G. McDougall, Phoenix City Atty. by Suzanne M. Chynoweth, Asst. City Prosecutor, Phoenix, for respondents.

CAMERON, Justice.

This is a petition for special action brought by the defendant, Lee A. Sanford, from an order of the superior court, the Honorable Rudolph Gerber, remanding the matter to the Phoenix City Court for trial on the charge of driving while intoxicated (DWI). A.R.S. § 28–692. We have jurisdiction pursuant to art. 6, § 5(1) of the Arizona Constitution.

The issue we must decide is whether the superior court erred in reversing the city magistrate's dismissal of the DWI charge based on a violation of due process contrary to the Fourteenth Amendment of the United States Constitution.

The facts follow. On 22 April 1984, defendant was arrested for driving while under the influence of intoxicating liquor, failure to stop for a stop sign and driver's license not in possession. Defendant's breath test showed a blood alcohol content of .11 percent.

On 12 October 1984, defendant, along with two defense witnesses, arrived for his hearing on the charges. On that date, the city court dismissed the DWI charge on the state's motion because of the state's belief that the breath test would have been suppressed under *Fuenning v. Superior Court,* 139 Ariz. 590, 680 P.2d 121 (1983). Defendant then pled guilty to the failure to stop for a stop sign charge and was fined

$137.00.[1] He also pled guilty to driver's license not in possession with no fine. Almost two months later, after a decision of this court in *State ex rel Collins v. Seidel*, 142 Ariz. 587, 691 P.2d 678 (1984), indicated that the use of defendant's breath test was not barred by *Fuenning, supra*, the state refiled the DWI charge.

Defendant filed a motion to dismiss alleging a denial of due process. The city magistrate, after an evidentiary hearing, granted the motion to dismiss finding that there was a violation of due process.

The state appealed the dismissal to the superior court where Judge Warren L. McCarthy affirmed the magistrate's ruling. Upon a motion for rehearing, before Judge Gerber (Judge McCarthy having retired), the dismissal was reversed and the matter remanded for trial. Defendant then brought this special action which we granted in order to reaffirm the previous case of *Oshrin v. Coulter*, 142 Ariz. 109, 688 P.2d 1001 (1984).

Defendant claims he was denied due process because the state gave no indication the DWI charges could or would be refiled. He claims that his guilty plea on the other two charges was induced by the dropping of the DWI charge and that he was prejudiced by the loss of two defense witnesses who were present to testify at his original hearing but whose location is now unknown to him. At the evidentiary hearing, defendant testified:

> the judge read the solution with the public defender McFadden, ..., they talked, then he came back out. Told me if I plea bargained about running the stop sign that the other charges would be dismissed, dropped, whatever, they would be thrown out I wouldn't have to deal, I wouldn't have to worry about this thing again.

Defendant bases his denial of due process claim on *Oshrin v. Coulter*, 142 Ariz. 109, 688 P.2d 1001, (1984), where we stated:

In the instant case, the officers told the defendant that the charges were dropped and the petitioner was free to go, but failed to inform him that charges could and most likely would be filed later. The petitioner was thus led to believe that no further action would be taken against him and he did not attempt to obtain the sample for analysis or have other tests taken upon his release. A person in custody, upon being released under these circumstances, *can reasonably be expected to rely upon the statement that the charges are dropped or scratched and assume that no further action will be taken by the state.* It is not then unreasonable to fail to take the sample for testing. By the time formal charges are filed, the sample is destroyed and it is impossible to test the reliability of the first sample with the second sample. *We find this a violation of fundamental fairness raising a question of denial of due process contrary to the Fourteenth Amendment to the United States Constitution.*

142 Ariz. at 111, 688 P.2d at 1003. (emphasis added) (citations omitted).

The city magistrate, in granting defendant's motion to dismiss, found that defendant was prejudiced both by the inducement to plead guilty to another offense and the loss of defense witnesses. The magistrate also found that defendant was neither told nor made aware that the DWI charge could be refiled.

The state, in its motion for rehearing and in this special action, argues that the correct rule of law to be applied in this case is that governing preindictment delay. We do not agree. This is not a case of preindictment delay. This is a case of failure of the state to live up to a plea bargain. Admittedly there was no formal written plea bargain entered into as required by Rule 17 of the Arizona Rules of Criminal Procedure, 17 A.R.S. Indeed, such a plea bargain would have been contrary to

---

1. At oral argument before this Court, it was agreed that the fine usually imposed for running a stop sign is $35.00.

A.R.S. § 28–692(C). Nevertheless, the defendant was given an offer to plead in return for the dismissal of the DWI charge. The defendant could reasonably have believed that by pleading guilty to running a stop light and the imposition of a fine of $137.00, a sum in excess of the fine of $35.00 usually imposed for that offense, that the DWI offense would be dropped and not refiled. Indeed, that is what the city magistrate found. The dismissal of the DWI charge was part of an agreement and the defendant, not being aware of the possible refiling of this charge, was thus not only prejudiced by the loss of defense witnesses but by the plea of guilty on the other charges.

Failure of the state to live up to a plea bargain can be a denial of due process. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). There was sufficient evidence from which the city magistrate could find that there was a bargain and that the state did not live up to such plea bargain. Such a ruling may not be reversed on appeal absent clear and manifest error. *State v. Bishop,* 137 Ariz. 361, 364, 670 P.2d 1185, 1188 (App.1983). There was no abuse of discretion by the city magistrate.

The order of the superior court reversing the dismissal of defendant's DWI charge is vacated and the city magistrate's order granting of the motion to dismiss is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and FELDMAN, J., concur.

NOTE: Justice JACK D.H. HAYS did not participate in the determination of this matter.