596 P.2d 1185

**The STATE of Arizona, Appellee,**

v.

**Johnny S. PRECIADO, Appellant.**

**No. 2 CA–CR 1600.**

Court of Appeals of Arizona, Division 2.

June 12, 1979.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Stephen C. Bergsten, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was found guilty of grand theft with a prior conviction and was sentenced to not less than 10 nor more than 25 years in the Arizona State Prison.

The sole question presented is whether the trial court committed error in permitting the prosecutor to amend the indictment during the second day of trial.

The grand jury indicted appellant for exiting a Lucky Market with a basket of goods which had not been paid for. The manager of the store, who was the only witness that testified, twice indicated that the stolen goods included two "Skilsaws." The transcript of the grand jury proceedings reflects that the grand jury had to have taken the value of the saws into account to indict appellant for grand theft. The transcript reads:

"Q. Do you have a list of the items that were found to be in the basket?

A. Yes.

Q. Do you have that list with you?

A. Yes.

Q. Could you read to the grand jury what the items were and then finally what the cumulative value of those items is?

A. Yes. We found on his—in the basket we have five fresh roundsteaks, three fresh hams, eleven cartons of cigarettes, two skilsaws, two ½ gallon bottles of whiskey, one ½ gallon carton of milk, one pair of sunglasses, one pocketbook, one loaf of bread, one package of hotdog buns and one roll of masking tape, the value of which was $175, including tax would be $181.45."

The grand jury indictment did not list the saws among the stolen items. After the first witness testified, the state moved to amend the indictment by adding the saws to the list of items taken by appellant. The court found that the grand jury transcript and the investigation report referred to the saws and the amendment was allowed. Appellant contends that the court erred in adding the saws. We disagree.

The trial testimony presented shows that the stolen items, on the date of the theft, had a retail or label price of $174.81. It also showed that appellant exited the store with a basket full of items only one time. The amendment simply added two items to an already long list of stolen items; it in no way changed the charge that appellant faced. Arizona has consistently allowed minor amendments not changing the charge. See *State v. Harrison*, 111 Ariz. 508, 533 P.2d 1143 (1975), and *State v. Klem*, 108 Ariz. 349, 498 P.2d 216 (1972). Moreover, Rule 13.5(b), Arizona Rules of Criminal Procedure, 17 A.R.S., permits a technically defective indictment to be amended, and the rule automatically amends the indictment to conform to the evidence adduced at the court proceeding. From our reading of the grand jury transcript, it would appear that omission of the saws was an oversight since there was nothing to distinguish the saws from the other stolen items and they were included in the list of goods that was presented to the grand jury. The addition of the saws does not, as appellant claims, add a new charge to the one he already faced. It required no further preparation in defense since the alleged taking of the saws was part of a single act of theft.

The case of *Sanville v. State*, 553 P.2d 1386 (Wyo.1976), in which the Wyoming Supreme Court found that an information could be amended provided the amendment is not prejudicial to the defendant and does not charge a different offense, is helpful. In that case, the appellant was charged with receiving stolen goods. During the trial, the information was amended to add property so that the state could show that property in excess of $100 was involved. The court stated:

"This offense stayed the same; the only effect of the amendment complained of was to add property to the information which would permit the state to demonstrate value in excess of $100 in accordance with the favorable ruling which Sanville's attorney had obtained from the court. The charge was the same, no different events were involved, and since Sanville previously had been advised of this particular property, clearly there was no prejudice to him. Under these circumstances there was no error in permitting the amendment of the information since the amendment essentially was one of form rather than substance." 553 P.2d at 1390.

In the instant case, there was no prejudice or surprise to the appellant. The charge remained the same since he was not defending against a specific stolen item but against a charge of grand theft that included a whole list of items. We conclude that the trial court did not err in permitting the amendment.

Our review of the entire record for fundamental error reveals none.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concurring.