603 P.2d 918

The STATE of Arizona, Appellee,

v.

Elton Eugene ARCHER, Appellant.

No. 2 CA–CR 1788.

Court of Appeals of Arizona, Division 2.

Oct. 29, 1979.

Rehearing Denied Dec. 4, 1979.

---

Robert K. Corbin, Atty. Gen., by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Stephen C. Bergsten, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was tried to a jury, found guilty on five of six counts of third-degree burglary on the amended indictment and sentenced to concurrent terms of 2½ years of imprisonment with the Department of Corrections. This appeal questions (1) the propriety of the amendment to Count V of the indictment; (2) permitting the state to reopen after resting and (3) the denial of appellant's renewed motion to sever the counts of the indictment made at trial. We find that the trial court did not abuse its discretion and affirm.

Count I of the amended indictment alleged a third-degree burglary at 625 W. Valencia. The state elicited testimony that a theft had been committed at a Food Giant. Count V alleged a third-degree burglary at 920 N. Camino Seco. The state's evidence showed that burglary had been

committed at a Skaggs Drugstore at 8711 E. Speedway. The Camino Seco address alleged is the residence of the Skaggs' manager and located within a few blocks of the store.

The court permitted the state to reopen to establish that the Food Giant burglarized on October 8, 1978, per Count I was located at 625 W. Valencia, as charged. The trial court has wide discretion concerning the order of proof, including permission to reopen. *State v. Taylor*, 112 Ariz. 68, 537 P.2d 938 (1975), cert. den. 424 U.S. 921, 96 S.Ct. 1127, 47 L.Ed.2d 328. The reception of evidence should not be foreclosed until " ' "all the evidence, offered in good faith and necessary to the ends of justice has been heard." ' " *State v. Mendoza*, 109 Ariz. 445, 448, 511 P.2d 627, 630 (1973). *State v. Flores*, 9 Ariz.App. 502, 454 P.2d 172 (1969). Since there was only the single proceeding here, the double jeopardy clause is inapplicable. Cf., *State v. Riggins*, 111 Ariz. 281, 528 P.2d 625 (1974). Moreover, no prejudice to appellant was shown inasmuch as he had full and fair opportunity to rebut the additional evidence. *State v. Cota*, 99 Ariz. 237, 408 P.2d 27 (1965), cert. den. 383 U.S. 929, 86 S.Ct. 937, 15 L.Ed.2d 848.

Concerning Count V charging burglary in the third degree of "a non-residential structure located at 920 N. Camino Seco," Arizona Rules of Criminal Procedure 13.5(b) permits amendment of a charge so long as the amendment serves only to "correct mistakes of fact or remedy formal or technical defects." The motion to amend was made as soon as the variance became evident. Appellant had presented no evidence and was not misled or prejudiced in any way. *State v. Singh*, 4 Ariz.App. 273, 419 P.2d 403 (1966); Cf., *State v. Cousins*, 4 Ariz.App. 318, 420 P.2d 185 (1966), reh. den. 4 Ariz.App. 468, 421 P.2d 901. The nature of the offense charged was not changed. Only the address was corrected to conform to the evidence. Here, as in *State v. Preciado*, 123 Ariz. 13, 596 P.2d 1185 (1979), and *State v. Castoe*, 114 Ariz. 47, 559 P.2d 167 (App.1976), that portion of Rule 13.5(b) is particularly applicable, which provides:

"The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding."

See *State v. Suarez*, 106 Ariz. 62, 470 P.2d 675 (1970), permitting the amendment of an information to correct the address of an alleged burglary under the old criminal rules. Additionally, the burglarized premises were referred to in the indictment as a non-residential structure. The address, however, was to a residential structure. In *State v. Aston*, 412 S.W.2d 175 (Mo.1967), the Supreme Court of Missouri encountered a similar situation where the address of the premises the defendant allegedly burglarized in fact was the residence of the owner of the business. The court approved an amendment correcting the address under rules similar to ours. See also, *State v. Connolly*, 120 N.J.Super. 511, 295 A.2d 204 (1972), and *State v. Brean*, 136 Vt. 147, 385 A.2d 1085 (1978).

Appellant next contends that it was error for the trial court to deny his renewed motion to sever the counts from the indictment made at trial. The state counters that appellant in effect waived his motion to sever as to counts. Although the record is not crystal clear on this question, the transcript of proceedings immediately preceding trial indicates that defense counsel agreed, although reasserting his motion to sever as to each count, that he had previously waived the motion. Under the circumstances, we affirm the trial court's denial of the motion as untimely. 17 A.R.S., Rules of Criminal Procedure, Rule 13.4(c).

The judgment and sentences are affirmed.

RICHMOND, C. J., and HOWARD, J., concurring.