720 P.2d 119

**The STATE of Arizona, Appellee,**

v.

**Patrick Michael O'HAIRE, Appellant.**

**No. 2 CA–CR 3695.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 27, 1986.

Review Denied June 3, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Joseph T. Maziarz, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Carla Ryan, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

A jury found appellant guilty of operating a motor vehicle while there was 0.10 percent or more alcohol in his blood. He raises three issues in this appeal:

1. The trial court improperly permitted the state to amend the grand jury indictment.

2. The intoxilyzer result should not have been admitted into evidence because the state failed to provide the proper foundation.

3. The trial court erred in giving one of the state's requested jury instructions.

We find no merit in these arguments and affirm.

The indictment returned by the grand jury read:

"On or about the 6th day of August, 1983, PATRICK MICHAEL O'HAIRE drove or had actual physical control of a motor vehicle while being under the influence of intoxicating liquor and/or while there was a 0.10% or more by weight of alcohol in his blood, in violation of A.R.S. §§ 28–692(A)(B), 28–692.01, 13–701, 13–702, 13–801 and 13–803."

On the day of trial, the judge, aware of our decisions in *State v. Lujan*, 139 Ariz. 236, 677 P.2d 1344 (App.1984), and *State v. Thompson*, 138 Ariz. 341, 674 P.2d 895 (App.1983), dealing with duplicitous indictments, asked the state under which section of A.R.S. § 28–692 it wished to proceed. The state requested to proceed under § 28–692(B). The judge then struck from the indictment the words "while being un-

der the influence of intoxicating liquor and/or." Appellant's counsel objected to his action and stated that the charge should be dismissed and a new indictment sought. The motion was denied and trial was held on the charge of having a blood alcohol level of 0.10% or higher.

■ Under Rule 13.5(b), Rules of Criminal Procedure, 17 A.R.S., the court has authority to amend an indictment "only to correct mistakes of fact or remedy formal or technical defects." The trial court may not amend an indictment to charge new and different matters of substance without the concurrence of the grand jury. *State v. Kelly,* 123 Ariz. 24, 597 P.2d 177 (1979); *State v. Rybolt,* 133 Ariz. 276, 650 P.2d 1258 (App.1982), reversed on other grounds, *State v. Diaz,* 142 Ariz. 119, 688 P.2d 1011 (1984). A defect in the indictment may be considered formal or technical when its amendment does not operate to change the nature of the offense charged or to prejudice the defendant. *State v. Bruce,* 125 Ariz. 421, 610 P.2d 55 (1980); *State v. Barber,* 133 Ariz. 572, 653 P.2d 29 (App.1982) affirmed, 133 Ariz. 549, 653 P.2d 6 (1982). The state argues that the change in the indictment did not change the offense charged nor prejudice the defendant. The state maintains that the deletion was to appellant's advantage in that he was required to defend on only one of the two offenses originally charged.

■ We find that the indictment contained a formal technical defect; it was duplicitous. The court, therefore, under Rule 13.5(b), had the authority to correct the defect by deleting one of the charged offenses. Appellant was aware from the time he was indicted what charges he must prepare to defend, therefore he cannot claim that he was surprised when he was tried on one of the charges. The deletion of one charge did not alter or change the remaining charge. We find no prejudice to appellant as a result of the court's action. Appellant was not convicted of a new or different matter, not charged by the grand jury.

Appellant, relying on *Fuenning v. Superior Court in and for County of Maricopa,* 139 Ariz. 590, 680 P.2d 121 (1983), argues that the results of the intoxilyzer test should not have been admitted because a proper foundation was not established. He also argues that the change in the statute, A.R.S. § 28–692.03, enacted by the legislature in response to the *Fuenning* decision, should not apply in this case because his test was administered prior to the decision in that case. He maintains the statute should only be given prospective application because it affects a substantive right, not merely a procedural law. *Allen v. Fisher,* 118 Ariz. 95, 574 P.2d 1314 (App. 1977). The state counters that the change is a procedural one dealing with the foundation for the admissibility of a piece of evidence, the test results, and therefore should have retrospective application. We find appellant's reliance on *Fuenning* misplaced. We also find that we need not decide whether the revised statute should be applied retrospectively. The court in *Fuenning* found that the Tempe Police Department had not followed the program and procedures established, as required by statute by the Department of Health Services (DHS). The court found that there was no evidence that the test administered to Mr. Fuenning was performed according to methods approved by DHS, that the police department had participated in a quality assurance program established by DHS nor that a DHS approved checklist had been used.

The court held:

"[T]hat the statutes are to be construed to mean just what they say. The test results will be 'valid' if 'performed according to methods approved by the department of health services' (A.R.S. § 28–692(G)), and thus will be 'admissable' when it is established that the agency has complied with the standards required by A.R.S. § 28–692.03(A) and the rules promulgated under subsection B." 139 Ariz. at 602, 680 P.2d at 131.

■ Here the evidence presented by the state showed that the Tucson Police De-

partment followed the rules promulgated by DHS, participated in the DHS quality assurance program and used a DHS approved checklist. Unlike the agency in *Fuenning*, the Tucson Police Department proceeded in accordance with the statute then in effect. The amended statute is not applicable to this case for that reason. We find the trial court did not err in admitting the test results.

Appellant's final argument concerns the following jury instruction given by the court:

> "The State has introduced evidence of periodic maintenance through records which show that the intoxilyzer was in proper operating condition at the time of the test. Such records are prima facie evidence that the device was in proper operating condition at the time of the test."

No objection was made to the above instruction until after the jury had retired to begin its deliberations. Failure to object in a timely manner waives any error in the giving of the instruction unless it rises to the level of fundamental error. *State v. Grilz*, 136 Ariz. 450, 666 P.2d 1059 (1983). The error is fundamental only if it "goes to the foundation of the case, or ... takes from a defendant a right essential to his defense." Id. at 454, 666 P.2d at 1063 (quoting *State v. Mincey*, 130 Ariz. 389, 397, 636 P.2d 637, 645 (1981)).

We find no error in the giving of the questioned instruction. The instruction was taken almost verbatim from A.R.S. § 28-692.03(A)(5):

> "Records of periodic maintenance which show that the device was in proper operating condition at a time before and after the test are admissible in any proceeding as prima facie evidence that the device was in proper operating condition at the time of the test."

Furthermore, appellant was not precluded from arguing that the intoxilyzer was not in proper operating condition. Prima facie evidence, if unexplained or uncontradicted, is sufficient to sustain a verdict in favor of the issue which it supports, but it may be contradicted by other evidence.

Affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.