8 P.3d 1159

The STATE of Arizona, Appellee,

v.

Paul Floyd JOHNSON, Appellant.

No. 2 CA–CR 98–0572.

Court of Appeals of Arizona, Division 2, Department A.

Aug. 24, 2000.

As Corrected April 7, 2000.

Review Denied Feb. 13, 2001.

Janet Napolitano, Arizona Attorney General By Paul J. McMurdie and Joseph L. Parkhurst, Tucson, for Appellee.

Law Offices of David Michael Cantor, P.C. By Ronald Ozer and Michael A. Burkhart, Tempe, for Appellant.

## *O P I N I O N*

FLÓREZ, Judge.

¶ 1 Appellant Paul Johnson was convicted after a jury trial of two counts of sexual conduct with his adopted daughter, a minor under the age of fifteen, and one count of child molestation, all dangerous crimes against children. The trial court sentenced him to presumptive, consecutive prison terms of twenty years, twenty years, and seventeen years. Johnson contends on appeal that the trial court erred in granting the state's motion to amend the information on counts one and three. We agree and reverse Johnson's convictions on those counts. By separate memorandum decision, Rule 28(g), Ariz. R. Civ.App. P., 17B A.R.S., we address his claims that the trial court erred in admitting other acts evidence and in instructing the jury on using that evidence.

¶2 Johnson waived a preliminary hearing and was bound over to superior court on an information, which alleged in count one that, between July 1, 1996, and August 31, 1996, Johnson had committed sexual conduct with a minor by engaging in "penis/vaginal sexual intercourse" with the victim. Count three alleged that, between December 15, 1997, and January 5, 1998, Johnson had committed child molestation by causing the victim to touch his penis with her hand. In early June 1998, the state moved to amend count one to allege instead that Johnson had penetrated the victim's vagina with his finger. Johnson did not object to the amendment, and the trial court granted the motion on July 1.

¶3 At trial held at the end of July, the victim testified during the state's case-in-chief that Johnson had put his penis into her vagina sometime during July or August 1996, the time span alleged in count one. She also testified that, during Christmas vacation in 1997, Johnson had made her put her mouth on his penis, the time span alleged in count three. After the victim had completed her testimony and the state had rested, it moved to amend the information to conform it to the evidence presented, that is, to amend count one to allege that Johnson had penetrated the victim's vagina with his penis, instead of his finger, and to amend count three to allege that Johnson had caused the victim to touch his penis with her mouth, rather than her hand. The trial court granted the motion over Johnson's objection.

¶4 Johnson contends that the trial court improperly granted the motion to amend, claiming he was thereby deprived of notice of the charges against him and of a double jeopardy defense to a subsequent prosecution on the original charges. We review for an abuse of discretion. *State v. Sammons*, 156 Ariz. 51, 749 P.2d 1372 (1988).

¶5 Rule 13.2, Ariz. R.Crim. P., 16 A.R.S., requires an information to be "a plain, concise statement of the facts sufficiently definite to inform the defendant of the offense charged." Rule 13.5(b), Ariz. R.Crim. P., 16A A.R.S., provides that "[t]he charging document shall be deemed amended to conform to the evidence adduced at any court proceeding," but a charge may be amended "only to correct mistakes of fact or [to] remedy formal or technical defects." "A defect may be considered formal or technical when its amendment does not operate to change the nature of the offense charged or to prejudice the defendant in any way." *State v. Bruce*, 125 Ariz. 421, 423, 610 P.2d 55, 57 (1980).

¶6 As the comment to Rule 13.5(b) notes, the current rule comports with case law existing at the time the rule was adopted in 1973. In *State v. Butler*, 9 Ariz.App. 162, 450 P.2d 128 (1969), cited in the comment, Division One of this court held that an amendment to an indictment was permissible to change one digit of a seven-digit serial number, it being clear to all concerned which television set was at issue in that case. The former rule, which Rule 13.5(b) was intended to replace, *see* Comment to Rule 13.5(b), permitted amendments to cure "any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling or improper English, or because of the use of sign, symbol, figure or abbreviation, or because of any similar defect, imperfection or omission." *Butler*, 9 Ariz.App. at 165, 450 P.2d at 131.

¶7 Hence, permissible amendments include those that change a charge of theft by control of property valued at $1,000 or greater to a more specific charge of theft of a motor vehicle, *State v. Eastlack*, 180 Ariz. 243, 883 P.2d 999 (1994); correct one digit of a four-digit address of a burglarized place, *State v. Suarez*, 106 Ariz. 62, 470 P.2d 675 (1970); correct a date, *Bruce; State v. Jones*, 188 Ariz. 534, 937 P.2d 1182 (App.1996); correct a duplicitous indictment to allege only one offense, *State v. O'Haire*, 149 Ariz. 518, 720 P.2d 119 (App.1986); or correct the name of the victim corporation, *State v. Barber*, 133 Ariz. 572, 653 P.2d 29 (App.1982), *approved*, 133 Ariz. 549, 653 P.2d 6 (1982); *State v. Jonas*, 26 Ariz.App. 379, 548 P.2d 1191 (1976). An impermissible amendment, on the other hand, sought to amend a sodomy offense alleged to have occurred in a shower stall to an offense that occurred in a bunk; the evidence showed two events—the one in the bunk had occurred on the date alleged in the indictment and the one in the shower had

occurred on another date. *State v. Mikels,* 119 Ariz. 561, 582 P.2d 651 (App.1978). This court vacated that defendant's conviction, concluding that he had been convicted of a crime for which he was not indicted.

¶ 8 In determining whether the offense was changed or the defendant prejudiced, we consider whether a trial court's granting a motion to amend violated either of two rights every defendant has—the right to "notice of the charges against [the defendant] with an ample opportunity to prepare to defend against them" and the right to double jeopardy protection from a subsequent prosecution on the original charge. *Barber,* 133 Ariz. at 577, 653 P.2d at 34. If either right has been violated, the amendment has not corrected a technical defect and is impermissible. The defendant bears the burden of showing that he or she has suffered actual prejudice from an amendment. *See Jones.*

¶ 9 Contrary to the state's argument, we conclude that permitting the amendments here impermissibly prejudiced Johnson. We agree with Johnson that he was not given adequate notice of the charges "with an ample opportunity to prepare to defend against them." *Barber,* 133 Ariz. at 577, 653 P.2d at 34. Although the state contends that Johnson had notice of the change in count one because the information had originally charged him with penile/vaginal intercourse, as Johnson notes, once the state's first motion to amend count one was granted before trial, he had no reason to expect the victim to testify in accordance with the original allegation. That is particularly so in view of the basis the state gave for amending the information before trial: "The state has learned from the victim that the sexual conduct with a minor alleged in Count I involved the defendant penetrating the victim's vagina with his finger rather than with his penis."

¶ 10 During the hearing held on various pretrial motions, including the state's first motion to amend count one, defense counsel reported that the prosecutor had told him the motion was the result of the prosecutor's recent conversation with the victim, who was twelve at the time of the offense alleged in count one and thirteen at the time of the offenses alleged in counts two and three and

who had learned about a year before the trial that she had been adopted by Johnson when she was very young. The prosecutor told the court that, when he had asked the victim about her apparently inconsistent statement, she had replied that no one had asked her at her initial interview what kind of sexual contact had occurred. A defendant should not be taken by surprise by the state's failure to thoroughly interview the victim and properly disclose its case.

¶ 11 Count three was not amended before trial; thus, Johnson had no notice at all of the incident about which the victim testified at trial. In fact, the victim did not testify about any incident like that originally alleged in count three; instead, she testified about several other occasions, the dates of which she was unable to remember, when Johnson had also made her put her mouth on his penis. Because the acts described in her testimony differed from the acts alleged in the information, Johnson did not have an ample opportunity to defend against the amended count. *See Barber; Mikels; see also Sammons* (trial court properly denied motion to amend indictment to allege defendant was on parole in different case in different county because state did not show defendant had notice and because proposed change not type of "technical defect" contemplated by Rule 13.5(b)).

¶ 12 We find no merit to the state's contention that Johnson was not prejudiced by the court's granting of the motion to amend because it did not change his defense that he had not engaged in any sexual acts with the victim. We find more persuasive Johnson's argument that, although the amendments did not affect his defense theory in general, "they greatly impaired [his] ability to prove that defense to the jury." By waiting to move to amend the information until after the victim had completed both her cross-examination and her redirect examination and until after the state had rested its case, despite having had a lengthy opportunity to make the motion at the time the state made an offer of proof on Johnson's other acts, the state seriously undercut Johnson's opportunity to attack the victim's inconsis-

tent statements to support his defense that she had wrongly named him as the perpetrator and inhibited his right to defend himself against her accusations.

¶ 13 To be meaningful, an "ample opportunity to prepare to defend" against amended charges generally must occur before the state has rested its case. *See State v. Archer*, 124 Ariz. 291, 293, 603 P.2d 918, 920 (App.1979) (technical amendment to indictment changing burglary location address permissible in part because "[t]he motion to amend was made as soon as the variance became evident. [Defendant] had presented no evidence and was not misled or prejudiced in any way."). By moving to amend after it had rested, the state prejudiced Johnson's defense, especially considering that the victim was the state's last witness. Indeed, Johnson argues that, had he known of the change in allegations earlier, he would have conducted a different cross-examination of the state's first witness, an expert in child sexual abuse accommodation syndrome. For example, had he had notice of the victim's repeated inconsistencies, he might have differently cross-examined the expert about how those inconsistencies relate to the syndrome. Moreover, until the state moved to amend the information, Johnson could reasonably have believed he needed no defense at all to counts one and three, feeling certain his motion for a judgment of acquittal would be granted because of the state's failure to prove the allegations in the information. After all, the state had clearly failed to prove the acts it had specifically charged. *See Mikels.*

¶ 14 Having determined that Johnson suffered actual prejudice from the trial court's granting of the motion to amend the information, we need not address whether his double jeopardy rights were violated. We conclude that the state's motion to amend the information was not based on a technical or formal error in the information and that Johnson was afforded neither sufficient notice of the amended allegations on counts one and three nor an ample opportunity to defend against them. The trial court therefore abused its discretion in granting the state's motion to amend the information. Accordingly, we va-

cate Johnson's convictions and the sentences imposed on counts one and three.

CONCURRING: JOHN PELANDER, Judge and WILLIAM E. DRUKE, Judge.