NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RAYMOND EARL MAYES, *Appellant*.

No. 1 CA-CR 14-0676
FILED 1-19-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-001050-001
The Honorable Jerry Bernstein, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

**P O R T L E Y**, Judge:

¶1         This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for Defendant Raymond Earl Mayes has advised us that he has been unable to discover any arguable questions of law after searching the entire record, and has filed a brief requesting that we conduct an *Anders* review of the record. Mayes did not take the opportunity to file a supplemental brief.

**FACTS**[1]

¶2         Detective Hatcher and Detective Vail were in separate cars conducting street patrols in Mesa on March 16, 2013.  Detective Hatcher saw Mayes walking and carrying a black satchel.  Recognizing Mayes from previous encounters, Detective Hatcher radioed Detective Vail to stop and assist him with making casual contact.  Both detectives stopped their cars, and Detective Hatcher approached Mayes and asked him if he was carrying anything illegal.  Mayes responded, "No," and the detective patted down Mayes and did not find any weapons or drugs.  Then, with Mayes' consent, the detective searched the satchel.  The detective found a large number of DVDs, and a clear plastic bag containing a green leafy substance.  Mayes admitted that the plastic bag contained marijuana, and that it belonged to him.  The detective subsequently read Mayes his *Miranda*[2] rights, and gave the seized DVDs, which were suspected to be counterfeit, to Detective Fitzgerald, who had been called for assistance.

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant."  *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).
[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

**¶3**       Mayes was subsequently indicted for two counts of unlawful copying or sale of sounds from recording devices, one count of possession or use of marijuana, and one count of possession of drug paraphernalia. Mayes moved to suppress the marijuana and DVDs, arguing he had not consented to the search and the items, as a result, were the result of an illegal search.  The trial court held an evidentiary hearing, heard witness testimony, and, after finding Mayes' testimony lacked "inherent credibility," denied the motion because Mayes had consented to the search. The State, however, successfully moved to dismiss the possession of marijuana charge because of concerns about the forensic testing of the substance.[3]

**¶4**       During trial, the court granted the State's request, over Mayes' objection, to amend the indictment by modifying the drug paraphernalia count.   After the presentation of the evidence, jury instructions and closing arguments, the jury found Mayes guilty of possession of drug paraphernalia and both counts of unlawful copying or sale of sounds from recording devices.  Mayes was subsequently sentenced to concurrent terms of 1.75 years,[4] and given 418 days of presentence incarceration credit.

**¶5**       We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[5]

## DISCUSSION

**¶6**       We have read and considered the opening brief and have searched the entire record for reversible error.  Although we find no reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, we address the ruling allowing the State to amend the indictment during trial.  Because Mayes objected to the amendment, we review the issue for an abuse of discretion, *State v. Buccheri-Bianca*, 233 Ariz. 324, 329, ¶ 16, 312 P.3d 123, 128 (App. 2013) (citation omitted), and will affirm the conviction so long as any

---

[3] The record also reveals there were concerns about the chain of custody of the alleged marijuana because Detective Hatcher did not impound the marijuana until four days after it was seized from Mayes.

[4] The trial court also ordered the sentence concurrent with Mayes' conviction in CR 2013-433938 for possession of marijuana.

[5] We cite to the current version of the statutes unless otherwise noted.

abuse of discretion is harmless. *See State v. Valverde*, 220 Ariz. 582, 585, ¶ 11, 208 P.3d 233, 236 (2009) (citations omitted). An error is harmless if it did not contribute to or affect the verdict. *Id.*

¶7        Arizona Rule of Criminal Procedure ("Rule") 13.5 allows for amendments to an indictment so long as an amendment is timely, as defined by Rule 16.1(b), and only if it is to "correct mistakes of fact or remedy formal or technical defects."[6]  Ariz. R. Crim. P. 13.5. A defect is "formal or technical" when "its amendment does not operate to change the nature of the offense charged or to prejudice the defendant in any way." *State v. Bruce*, 125 Ariz. 421, 423, 610 P.2d 55, 57 (1980). If an amendment violates the defendant's right to "notice of the charges against him with an ample opportunity to prepare to defend against them" or if "the acquittal of the amended charge . . . provide[s] a double jeopardy defense to a subsequent prosecution on the original charge," then the amendment is impermissible because it does not merely correct a technical defect. *State v. Barber*, 133 Ariz. 572, 577, 653 P.2d 29, 34 (App. 1982); *see also State v. Johnson*, 198 Ariz. 245, 248, ¶ 8, 8 P.3d 1159, 1162 (App. 2000). Moreover, the defendant must also show that he or she has "suffered actual prejudice from an amendment." *Johnson*, 198 Ariz. at 248, ¶ 8, 8 P.3d at 1162.

¶8        In *State v. Freeney*, our supreme court defined when an amendment is material, and also noted that permissible amendments "have corrected dates, names, addresses, and even a statutory section number, when the defendants had adequate notice of the intended charge and the typographical error was first discovered shortly before trial." 223 Ariz. 110, 113, ¶¶ 16, 18, 219 P.3d 1039, 1042 (2009); *see Buccheri-Bianca*, 233 Ariz. at 330, ¶¶ 19-22, 312 P.3d at 129 (finding that amendment changing the location of the crime was not prejudicial because location was not element of the offense, and defendant was permitted to point out amendment to jury and argue that it demonstrated major change in victim's story); *Bruce*, 125 Ariz. at 423, 610 P.2d at 57 (finding that where defense counsel had notice of discrepancies in dates before trial began, amending the indictment to correct the dates was not prejudicial); *cf. Johnson*, 198 Ariz. at 248, ¶¶ 11-13, 8 P.3d at 1162 (finding that an amendment, after State rested, to conform with testimony about acts different from those alleged was prejudicial

---

[6] Rule 16.1(b) states that all motions should be made "no later than 20 days prior to trial, or *at such other time as the court may direct*." Ariz. R. Crim. P. 16.1(b) (emphasis added); *see also State v. Colvin*, 231 Ariz. 269, 271, ¶ 7, 293 P.3d 545, 547 (App. 2013) ("Trial courts have discretion to extend the time for filing motions and, implicitly, to hear untimely motions.").

because defendant not given opportunity to defend against amended count or prove that defense to the jury).

¶9        Here, the trial court permitted the State to amend the indictment after the jury had been selected and the charges read.  The original indictment for possession of drug paraphernalia alleged:

> [O]n or about the 16th day of March, 2013, unlawfully used or possessed with intent to use a baggie, drug paraphernalia, *to plant, propagate, cultivate, grow, or harvest marijuana,* in violation of A.R.S. §§ 13-3401, 13-3405, 13-3415, 13-3418, 13-701, 13-702, and 13-801.

(Emphasis added.)   The amendment, however, removed the words "to plant, propagate, cultivate, grow, or harvest marijuana" and replaced them as follows:

> [O]n or about the 16th day of March, 2013, unlawfully used or possessed with intent to use a baggie, drug paraphernalia, *to pack, repack, store, contain, or conceal marijuana* in violation of A.R.S. §§ 13-3401, 13-3405, 13-3415, 13-3418, 13-701, 13-702, and 13-801.

(Emphasis added.)   The elements of the two charges are distinct – from "plant, propagate, cultivate, grow, or harvest marijuana" to "pack, repack, store, contain, or conceal marijuana."   The amendment did more than correcting a defect.  It was a substantive change in what the State would have to prove at trial and was made after the jury had been empaneled and the charges read.  The amendment was, as a result, impermissible, and the court should have sustained the objection.

¶10        We find, however, the ruling granting the amendment was not prejudicial.  In *Freeney*, our supreme court held that an amendment altering the nature of the indicted offense was harmless error because the defendant had received notice of the victim's injuries, and he did not allege the amendment affected his trial preparation or argument, or require him to change his defense theory.  223 Ariz. at 114-15, ¶¶ 27-28, 219 P.3d at 1043-44.

¶11 Here, the defense acknowledged at trial that the charge, as originally contained in the indictment, stated the drug paraphernalia (the baggie) was used to contain marijuana, even though the indictment stated that the paraphernalia was to be used to plant, propagate, cultivate, grow or harvest marijuana. Mayes also argued that the evidence to prove the original charge would be different than the charge as amended. Although the evidence might have been different, the relevant statutory section, A.R.S. § 13-3415(A), however, was the same for both the original and amended indictment. Moreover, Mayes testified at trial and admitted that the plastic bag was his, and had admitted to the detectives at the scene that the substance inside the bag was marijuana. Although the original indicted charge suggested that he was planting and harvesting the marijuana contained in the baggie, the nature of the original charge was sufficient to put him on notice that regardless of what he was using the marijuana for, it was in the baggie and the possession of the baggie was the offense. And even though the charging mistake should have been caught by the State well before the charges were read to the jury, especially considering the evidentiary hearing on the motion to suppress, Mayes does not allege that his defense theory or defense changed or was affected as a consequence of the amendment. Thus, the error in allowing the amendment was harmless.

## FUNDAMENTAL ERROR REVIEW

¶12 The record, as presented, reveals that Mayes was represented by counsel at all stages of the proceedings, and counsel filed appropriate pretrial motions and protected Mayes' interests by objecting, especially to the amendment. Moreover, the sentences imposed were within the statutory limits and appropriately concurrent.

¶13 After this decision is filed, counsel's obligation to represent Mayes in this appeal has ended. Counsel must only inform Mayes of the status of the appeal and Mayes' future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Mayes may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

**CONCLUSION**

¶14      Accordingly, we affirm Mayes' convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED : ama