NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL STREET, *Appellant.*

No. 1 CA-CR 20-0547
FILED 9-23-2021

Appeal from the Superior Court in Yuma County
No. S1400CR202000270
The Honorable Roger A. Nelson, Judge

**CONVICTION AFFIRMED; SENTENCE AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Robert J. Trebilcock
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

**B R O W N,** Judge:

**¶1** Michael Street appeals his conviction and sentence for aggravated assault. For the following reasons, we affirm the conviction and sentence, but we modify the sentencing order to confirm that Street was convicted of a class 5 felony.

## BACKGROUND

**¶2** Officer Salcedo responded to reports of a disorderly person at a gas station and ultimately arrested Street. A second officer ("the victim") arrived at the scene as backup, and as the officers placed Street in a patrol car he spit on the victim. A grand jury subsequently indicted Street on one count each of resisting arrest and aggravated assault.

**¶3** Twenty days before trial, the State moved to amend the indictment's incorrect reference to the aggravated assault charge as a class 6 felony. *See* A.R.S. § 13-1204(F) (assault committed against a police officer that does not result in physical injury is a class 5 felony).[1] Street objected to the proposed amendment, arguing it was "substantive" and "changes the nature of the charge altogether." The superior court addressed the motion at the final pretrial conference and, agreeing with Street, suggested the State obtain an amended indictment reflecting the proper classification of the offense as a class 5 felony. The State did so, and Street was arraigned on the amended charge four days before trial.

**¶4** The jury found Street guilty of aggravated assault but not guilty of resisting arrest. At sentencing, the superior court continued to incorrectly refer to the aggravated assault as a class 6 felony, but

---

[1] Street contends on appeal that aggravated assault committed against a police officer is a class 6 felony. However, the statute that specifically addresses aggravated assault committed on a police officer without causing physical injury classifies the offense as a class 5 felony. A.R.S. § 13-1204(F).

nonetheless imposed the presumptive 1.5-year sentence for a class 5 felony. *See* A.R.S. § 13-702(D). Street timely appealed.

## DISCUSSION

### A.    Amended Indictment

**¶5**        Street argues the superior court violated his due process rights by permitting the State to seek an amended indictment on "new charges" on the "eve of trial." We review the superior court's ruling for an abuse of discretion. *State v. Johnson*, 198 Ariz. 245, 247, ¶ 4 (App. 2000). We will affirm the ruling if it is legally correct for any reason discernible in the record. *State v. Flores*, 218 Ariz. 407, 416, ¶ 26 n.14 (App. 2008).

**¶6**        A criminal defendant has a Sixth Amendment right to notice of the nature of the charges to enable him to prepare a defense. *State v. Sanders*, 205 Ariz. 208, 213, ¶ 16 (App. 2003), *abrogated on other grounds by State. v. Freeney*, 223 Ariz. 110 (2009). Accordingly, Arizona Rule of Criminal Procedure ("Rule") 13.1(a) requires a charging document be "a plain, concise statement of the facts sufficiently definite to inform the defendant of a charged offense." Rule 13.5(b) provides, "Unless the defendant consents, a charge may be amended only to correct mistakes of fact or remedy formal or technical defects." A defect is formal or technical "when its amendment does not operate to change the nature of the offense charged or to prejudice the defendant in any way." *State v. Johnson*, 198 Ariz. 245, 247, ¶ 5 (App. 2000). An amendment changes the nature of an offense by either altering the factual allegations or by changing the "legal description of the elements of the offense." *Sanders*, 205 Ariz. at 215, ¶ 25. Compliance with Rule 13.5(b) ensures an amended charge does not violate a defendant's Sixth Amendment rights. *See Freeney*, 223 Ariz. at 114, ¶ 25 ("Although it addresses policy concerns similar to those of the Sixth Amendment, Rule 13.5(b) is a prophylactic rule of criminal procedure.").

**¶7**        Here, the amended indictment did not change the nature of the aggravated assault as originally alleged. The original and amended indictments both alleged that, in violation of A.R.S. §§ 13-1203(A)(3), and -1204(A)(8)(a), Street committed aggravated assault against the victim knowing or having reason to know the victim was a police officer engaged in the execution of his official duties. *See* A.R.S. §§ 13-1203(A)(3) (assault is committed by knowingly touching another person with the intent to injure, insult, or provoke such person), -1204(A)(8)(a) (committing assault against a peace officer elevates offense to aggravated assault). Thus, the amended indictment did not change the factual allegations or the legal description of

the aggravated assault charge; it simply corrected the original indictment's reference to the offense as a class 6 felony. *See State v. Frierson*, 146 Ariz. 287, 291, ¶ 14 (App. 1985) (summarily rejecting claim that superior court erred by amending indictment to correctly reflect charged offense as a class 3, not class 5, felony); *cf. Freeney*, 223 Ariz. at 112–13, ¶¶ 12, 15, 20 (2009) (amending, without defendant's consent, indictment's allegation of violating § 13-1203(A)(3) to § 13-1203(A)(2) changed "the nature of the offense" and was therefore error). Street provides no authority that would prohibit such a revision under Rule 13.

**¶8** Accordingly, we conclude the amendment properly corrected a technical defect in the original indictment, and Street's consent to the revision was unnecessary under Rule 13.5. Although the superior court incorrectly reasoned it could not amend the indictment absent Street's consent, the court did not abuse its discretion in its decision to permit a remand to the grand jury to procure an amended indictment. *See Flores*, 218 Ariz. at 416, ¶ 26 n.14.

### B. Sentencing

**¶9** Street argues the superior court erred by imposing a 1.5-year sentence, noting that the superior court repeatedly referred at sentencing to the aggravated assault conviction as a class 6 felony—for which the presumptive sentence is one year under A.R.S. § 13-702(D). As explained above, however, Street was properly charged with, and convicted of, a class 5 felony, for which the presumptive sentence is 1.5 years. *See* A.R.S. § 13-702(D). And Street understood the exposure he faced because of his conviction; at sentencing, he requested "a minimum sentence of .75 years[,]" which is the minimum sentence for non-repetitive non-dangerous class 5 felony offenses. *Id.*

**¶10** We conclude the superior court did not err by imposing the presumptive sentence for a class 5 felony; the court simply misspoke when referring to the conviction as a class 6 felony. *See State v. Adamson*, 136 Ariz. 250, 263 (1983) ("[A] defendant is not entitled to a perfect trial, just a fair one."). Accordingly, we amend the sentencing order and minute entry to correctly reflect that Street was convicted of a class 5 felony.

## CONCLUSION

¶11 We affirm Street's conviction. We also affirm the sentence imposed, as modified.



AMY M. WOOD • Clerk of the Court
FILED: AA